EL PUEBLO DE PUERTO RICO, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HONS. ALBERTO S. POVENTUD y RAMÓN A. GADEA PICÓ, JUECES, recurridos.

Núm. 1561.—*Sometido:* Marzo 6, 1944. *Resuelto:* Marzo 31, 1944.

R. A. *Gómez, Fiscal del Tribunal Supremo, y Luis Negrón Fernández, Fiscal Auxiliar,* abogados del peticionario; *Agustín E. Font,* abogado del interventor, el acusado en la causa criminal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Se radicó una acusación ante la corte de distrito imputando a Juan Santiago Rodríguez el delito de asesinato en

primer grado. Luego, su abogado, alegando que Santiago estaba loco y que por lo tanto no podía juzgársele en dicha fecha (Artículo 439, Código de Enjuiciamiento Criminal, ed. 1935), solicitó de la corte que se sometiera la cuestión de su incapacidad a tres peritos designados por la corte (Artículo 440). Se declaró con lugar esta moción, y se celebró una vista sobre el particular en la que declararon los tres peritos designados por la corte. Al terminarse la vista, la corte de distrito dictó una resolución disponiendo la reclusión del acusado en el Manicomio Insular hasta que recobrara el uso de la razón, y que entonces se le entregara al Alcaide de la Cárcel de Distrito para ulteriores procedimientos de conformidad con la ley.

Expedimos un auto de *certiorari* para determinar si la corte de distrito cometió error de procedimiento o de jurisdicción al dictar la referida resolución.

Todos los peritos dijeron repetidas veces que unánimemente eran de opinión que el acusado no estaba loco. Sin embargo, uno de ellos hablando a nombre de todos hizo el siguiente comentario:

"Aunque creo que este hombre está cuerdo, no me atrevería a sacar a este hombre a la calle. Este hombre, de acuerdo con la historia de los padres, puede cometer otro delito si le viene una crisis. En este momento lo hemos examinado y no encontramos estigmas para decir que este hombre está loco, y no tenemos ninguna base para decir que está loco. Más bien creemos que está cuerdo, pero, por la experiencia que yo tengo, no me atrevería sacar a este hombre de la cárcel."

Asimismo uno de los peritos dijo a la corte:

"Me atrevería sugerirle al Hon. Juez y a esta Corte que se mande a ese hombre al Manicomio para que efectúen un estudio de su condición mental y ellos dictaminen si ese hombre está o no está loco."

Reconocemos la difícil situación con que se enfrentó la corte con esta prueba. Pero los artículos 440-2 del Código de Enjuiciamiento Criminal expresamente disponen que la

cuestión de la locura será "resuelta por . . . decisión" de los peritos. La corte de distrito no tiene autoridad para determinar si el acusado está cuerdo o loco. El dictamen incumbe exclusivamente a los peritos (*Iturrino* v. *Corte de Distrito*, 50 D.P.R. 934; *Pueblo* v. *Nazario*, 53 D.P.R. 239). Una vez que los peritos resuelvan la cuestión de la locura, el artículo 442 es de aplicación. Dicho artículo dice como sigue:

"Si los peritos declaran cuerdo al acusado debe continuar el juicio o ser pronunciada la sentencia, según el caso. Si declaran loco al acusado, debe suspenderse el juicio o la sentencia hasta que cobre la razón, y el tribunal debe disponer que, en el ínterin, sea recluído el acusado en un manicomio; y que cuando vuelva al uso de la razón, sea entregado al alcaide de la cárcel."

La dificultad con la resolución aquí envuelta es que la corte de distrito ordenó la reclusión del acusado en el manicomio hasta que éste recobrara el uso de la razón, en ausencia del dictamen de los peritos de que el acusado estaba loco. Si bien algunas partes de las manifestaciones de los peritos arriba citadas reflejan un estado de incertidumbre por parte de los peritos, el dictamen de estos, de existir algún dictamen, es al efecto de que el acusado estaba cuerdo. En su consecuencia, la corte inferior no tenía autoridad para actuar bajo tales circunstancias de conformidad con el artículo 442. Es claro que el Código no deja lugar para el criterio independiente de la corte de distrito sobre la materia; la corte viene obligada por el dictamen de los peritos sobre esta cuestión. La corte de distrito pudo haber resuelto su dilema decidiendo que las manifestaciones de los peritos no constituían un dictamen concreto, relevándolos hasta que ellos mismos u otro grupo de peritos tuvieran suficientes datos sobre los cuales basar el dictamen. La corte de distrito puede en lo sucesivo, de creerlo propio, dictar una nueva resolución con miras a cumplir dicho propósito. Pero en ausencia de un dictamen específico de los peritos de que el

acusado estaba loco, no había base bajo el artículo 442 para dictar la orden de la corte de distrito recluyendo al acusado en el manicomio.

*La resolución de la corte de distrito será revocada y se devolverá el caso a dicha corte para ulteriores procedimientos no inconsistentes con esta opinión.*